IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEXTRACKER, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SUNLINK CORPORATION,<br><br>    Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

NEXTracker, Inc., a Delaware Corporation ("NEXTracker") files this Original Complaint and demand for jury trial seeking relief from patent infringement by SunLink Corporation (referred to as "SunLink"), alleging as follows:

## NATURE OF THE ACTION

1. SunLink is intentionally disregarding NEXTracker's patent rights.  NEXTracker and SunLink compete in the solar tracker industry.  That is, both companies sell devices that rotate solar panels, also known as photovoltaic (PV) modules, to improve the efficiency of those panels.  NEXTracker is a leader in the solar tracker industry; SunLink is a follower.  NEXTracker has developed and acquired patents on key tracker technology; SunLink saw NEXTracker's patented technology and copied it.  NEXTracker has suffered and continues to suffer significant injury because of SunLink's willful patent infringement.  NEXTracker brings this complaint to hold SunLink responsible for its infringement and to protect NEXTracker's leading position in the market secured by its innovative and patented contributions to the tracker industry.

## THE PARTIES

2.      Plaintiff NEXTracker is a Delaware corporation with its principal place of business located at 6201 America Center Drive, San Jose, California 94555.

3.      On information and belief, Defendant SunLink Corporation is a Delaware corporation with its principal place of business at 2 Belvedere Place, Suite 210, Mill Valley, CA 94941.

## JURISDICTION

4.      NEXTracker brings this action for patent infringement under Title 35 of the United States Code, including 35 U.S.C § 271, *et seq*. Thus, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) (2012).

## PERSONAL JURISDICTION AND VENUE

5.      This Court has general personal jurisdiction over SunLink because SunLink is incorporated in this judicial district.  Moreover, this Court has specific personal jurisdiction over SunLink because, *inter alia*, SunLink has conducted extensive business in this judicial district, purposefully availing itself of the benefits of Delaware.

6.      On information and belief, SunLink designs, manufactures, uses, offers for sale, or sells products in this judicial district that are accused of infringement in this action.  Those actions comprise part of SunLink's extensive business in Delaware and form the part of the basis for this suit.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because SunLink is incorporated in this judicial district.

## PATENTS-IN-SUIT

8.      On October 31, 2017, United States Patent No. 9,806,669 ("the '669 Patent"), entitled "Single-Axis Follower Support System for a Solar Collector," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '669 Patent is attached as **Exhibit 1** to this complaint.

2

9.      On May 15, 2018, United States Patent No. 9,970,686 ("the '686 Patent"), entitled "Balanced Solar Tracker Clamp," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '686 Patent is attached as **Exhibit 2** to this complaint.

10.     The '669 and '686 Patents are collectively referred to herein as the "Patents-in-Suit."

11.     By assignment, NEXTracker owns all right, title, and interest in and to each of the Patents-in-Suit.  NEXTracker possesses the sole, exclusive, and undivided right to sue for infringement and collect damages for past and future infringement of each of the Patents-in-Suit. SunLink had no license or authority under any of the Patents-in-Suit.


## FACTUAL BACKGROUND

12.     NEXTracker was founded in 2013 to transform the solar tracking industry with breakthrough technology and exceptional customer service that enables solar technology to be an effective, flexible, and cost-efficient solution for power plants around the world.  Solar trackers adjust the positioning of solar panels or photovoltaic (PV) modules to increase the efficiency of their solar power capture.

**A NEXTracker Solar Tracker**



13.     NEXTracker introduced key innovations to the solar tracking industry benefiting customers with lower cost, faster installation, and greater energy production.  Of primary importance here, the Patents-in-Suit represent key innovations in solar tracking.  Beyond the Patents-in-Suit, NEXTracker's innovations include the first successfully commercialized tracker with eighty (80) or more solar panels, the first certified self-grounded tracker, and the first successfully commercialized self-powered tracker.  Customers responded quickly and favorably to NEXTracker's products.

14.     In recognition for its impact on the solar industry, NEXTracker received the 2016 Edison Award (named after Thomas Edison), which honors the "best in innovation and excellence in the development of new products and services."



15.     SunLink was founded in 2004 and provides solar tracking solutions in competition with NEXTracker.  NEXTracker leads that market.  In 2017, NEXTracker lead all

4

solar tracker companies in market share, commanding 33% of the market.  WOOD MACKENZIE, GLOBAL SOLAR PV TRACKER MARKET SHARES AND SHIPMENT TRENDS 2018 (2018).  In contrast, SunLink is a follower in the solar tracker market.

16.     On information and belief, SunLink designs, manufactures, uses, offers for sale, sells, or imports solar trackers within the United States.  For example, SunLink designs, manufactures, uses, offers for sale, sells, or imports its TechTrack solar trackers within the United States.

17.     On information and belief, SunLink designs and manufactures its TechTrack solar trackers at SunLink's Northern California and Canada offices.  **Exhibits 3, 4**.  Then, SunLink uses, offers for sale, and sells its TechTrack solar trackers throughout the United States, in some cases, importing those trackers from Canada.

18.     For example, SunLink has offered for sale, sold, and installed its solar trackers in California, Nevada, Texas, Florida, Pennsylvania, and many other states.



Map of Sunlink's Solar Mounting Solutions, available at
https://sunlink.com/about-us/

19.     On information and belief, SunLink has offered its solar trackers for sale at conferences in the United States, including at least Solar Power International 2016, Intersolar 2018, and Solar Power Southeast 2018.  **Exhibits 5, 6, and 7.**



Image from Solar International 2016, Exhibit 7



And on information and belief, SunLink plans to offer its trackers for sale at Solar Power International & Energy Storage International 2019.  **Exhibit 8** (list of registered attendees).

20.     On information and belief, SunLink contributes to others' infringing installation and/or use of solar trackers.  For example, SunLink sells some of its TechTrack solar trackers as a collection of components.  SunLink's customers assemble those components into a solar tracker and then install and/or use that solar tracker.  **Exhibit 9**

21.     On information and belief, SunLink induces others to infringe by making and/or using its solar trackers.  For example, SunLink marketed it products by attending conferences in the United States, including Solar Power International 2016, Intersolar 2018, and Solar Power Southeast 2018.  **Exhibits 5, 6, and 7.**   And on information and belief, SunLink plans to market its products at Solar Power International & Energy Storage International 2019.  **Exhibits 8.**  On information and belief, in this marketing, SunLink provides instructions for how to use its solar trackers in an infringing manner and induces others to so use its solar trackers.

22.     As another example, SunLink actively markets its solar trackers on its website and on YouTube.  On information and belief, in this marketing, SunLink provides instructions for how to use its solar trackers in an infringing manner and induces others to so use its solar trackers.  **Exhibit 10, 11**

23.     As another example, SunLink issues press releases. On information and belief, in this marketing, SunLink provides instructions for how to use its solar trackers and induces others to so use its solar trackers.  **Exhibit 12.**

24.     As another example, SunLink provides an installation manual when it sells a collection of components for its TechTrack solar trackers.  These manuals direct SunLink's customers to install and/or use its solar trackers in an infringing manner.  **Exhibit 9**

25.     As another example, SunLink conducts project management, geotechnical analysis, or pull-testing for others who use its solar trackers.  On information and belief, SunLink uses each of these tasks to induce others to buy and use its solar trackers.  **Exhibit 13.**

26.     As another example, on information and belief, SunLink designs made-to-order solar trackers for others' use.  **Exhibit 13** (offering engineering services).  On information and belief, these made-to-order solar trackers are substantially the same as SunLink's TechTrack solar trackers.

27.     On information and belief, SunLink reviewed and analyzed the technology underlying the '669 Patent when it negotiated a merger with Optimum Tracker ("Optimum") in September 2015, former assignee of the '669 Patent.

28.     On information and belief, after that merger failed, SunLink copied the technology underlying the '669 Patent in order to develop its solar trackers, including its TechTrack Distributed solar trackers.  **Exhibit 14**

29.     After SunLink began marketing its copied technology, Optimum sent a letter to SunLink, informing SunLink that Optimum had filed an international application, which was published on May 12, 2016, and a corresponding United States National Stage Patent Application, which was filed on September 8, 2016.  The letter reproduced, in its entirety,

7

SunLink's United States application, which would eventually issue as the '669 Patent.  **Exhibit 15.**  On information and belief, SunLink read and understood that letter, but did not provide a response.

30.     Additionally, on information and belief, SunLink researches NEXTracker's products and intellectual property in the regular course of its business.  For example, SunLink's Director of Products visited NEXTracker in 2013.  As part of that visit, he observed NEXTracker's products, as they existed in 2013, and received substantial information about NEXTracker and its business.  Because of its research, SunLink had actual knowledge of the Patents-in-Suit at all relevant times.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '669 Patent)

31.     NEXTracker repeats and re-alleges Paragraphs 1 through 30 above as if fully set forth herein.

32.     On information and belief, SunLink directly infringes each of the '669 Patent's claims, either literally or under the doctrine of equivalents.

33.    For example, SunLink has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '669 Patent.  SunLink makes, uses, offers for sale, sells, or imports within the United States products, including the TechTrack Distributed solar tracker, that meet every limitation of at least claim 1.  TechTrack Distributed solar trackers bear a striking resemblance to NEXTracker solar trackers.



**A NEXTracker Solar Tracker**

From TechTrack Distributed solar tracker data sheet, attached as Exhibit 17



34.    Claim 1 of the '669 Patent is directed to a single-axis tracker support system for at least one solar collector, said support system comprising: (1) a fixed structure for anchorage to a ground, and (2) a platform configured to support at least one solar collector, said platform being fastened on at least one horizontal central beam rotatably mounted on the fixed structure around a horizontal axis of rotation inside at least one bearing fastened on the fixed structure, (3)

wherein at least one bearing comprises (i) a rotatable part including, on the one hand, a housing for receiving the horizontal central beam and, on the other hand, a guide rail presenting a circular-arch shape centered on said horizontal axis of rotation, said guide rail extending below said housing and (ii) a base held on the fixed structure and onto which are fastened rolling members, said rolling members being mounted so as to roll in the guide rail of the rotatable part.

35.     TechTrack solar trackers contain a fixed structure for anchorage to a ground. TechTrack solar trackers contain vertical piers that are fixed and are for anchorage to a ground.



From TechTrack Distributed solar tracker data sheet, attached as Exhibit 17

36.   TechTrack solar trackers contain a platform configured to support at least one solar collector, said platform being fastened on at least one horizontal central beam rotatably mounted on the fixed structure around a horizontal axis of rotation inside at least one bearing fastened on the fixed structure.

From TechTrack Distributed solar tracker data sheet, attached as Exhibit 17

37.     TechTrack solar trackers contain at least one bearing that contains (i) a rotatable part including, on the one hand, a housing for receiving the horizontal central beam and, on the other hand, a guide rail presenting a circular-arch shape centered on said horizontal axis of rotation, said guide rail extending below said housing and (ii) a base held on the fixed structure and onto which are fastened rolling members, said rolling members being mounted so as to roll in the guide rail of the rotatable part.



'669 Patent Fig. 4

FIG.4

TechTrack solar tracker bearing demonstration, available at https://www.youtube.com/watch?v=-wgvYMwBpHI

TechTrack solar tracker bearing demonstration, available at https://www.youtube.com/watch?v=P5AvAufiu8I



38.     On information and belief, SunLink contributes to others' infringement of the '669 Patent.

39.     As described in Paragraphs 20 and 24, SunLink sells some of its solar trackers as a collection of components.  When SunLink's customers assemble and/or use those trackers, the customers directly infringe the '669 Patent.  *See* Paragraphs 31–36.

40.     On information and belief, the collection of components supplied by SunLink is especially made or adapted for use in an infringing manner and is not a common component suitable for non-infringing use.

41.     On information and belief, SunLink supplied the components for its solar trackers with knowledge that the components were especially made or adapted for use in an infringing manner.

42.     On information and belief, SunLink induces others to infringe the '669 Patent.

43.     As described in Paragraphs 21 through 26, SunLink induces others to install or use its solar trackers, including its TechTrack solar trackers, in a manner that infringes the '669 Patent.

44.     On information and belief, SunLink conduct described in Paragraphs 21 through 26 was intentional: SunLink acted with specific intent that its customers would install and/or use SunLink's solar trackers in a manner that would infringe the '669 Patent.

45.     Others' installation and/or use of SunLink's solar trackers constitutes direct infringement of the '669 Patent.  *See* Paragraphs 31–36.

46.     As described in Paragraphs 27 through 30, SunLink knew of the '669 Patent.

47.     Based in part on SunLink's knowledge of the '669 Patent, on information and belief, SunLink knew, or willfully blinded itself to the fact, that others' installation or use of its solar trackers would infringe the '669 Patent.

48.     NEXTracker has suffered and continues to suffer harm as a result of SunLink's direct, contributory and inducement infringement.

49.     As described in Paragraphs 31 through 47, SunLink directly or indirectly infringed at least one claim of the '669 Patent.

50.     As described in Paragraphs 27 through 30, SunLink knew of the '669 Patent when it infringed at least one claim of the '669 Patent.

51.     Based in part on SunLink's knowing infringement, on information and belief, SunLink intentionally ignored or recklessly disregarded NEXTracker's patent rights: SunLink consciously disregarded the objectively high likelihood that its acts constitute infringement of the '669 Patent.

52.     Therefore, SunLink's infringement of the '669 Patent has been and continues to be willful, entitling NEXTracker to enhanced damages under 35 U.S.C. § 284 (2012) and attorneys' fees under 35 U.S.C. § 285 (2012).

53.     NEXTracker has no adequate remedy at law for SunLink's infringement.  As a direct and proximate result of SunLink's infringement, NEXTracker has suffered and continues to suffer irreparable harm.  Unless this Court enjoins SunLink's acts, NEXTracker will continue to suffer irreparable harm.

54.     NEXTracker is entitled to injunctive relief in accordance with 35 U.S.C. §§ 271, 281, 283, and 284 (2012).

## SECOND CLAIM FOR RELIEF

### (Infringement of the '686 Patent)

55.     NEXTracker repeats and re-alleges Paragraphs 1 through 30 above as if fully set forth herein.

56.     On information and belief, SunLink infringes each claim of the '686 Patent, either literally or under the doctrine of equivalents.

57.     For example, SunLink has directly infringed at least claim 8 of the '686 Patent. SunLink makes, uses, offers for sale, sells, or imports within the United States products, such as the TechTrack Distributed solar tracker, that meet every limitation of at least claim 8.

58. Claim 8 of the '686 Patent is directed to a tracker apparatus comprising (1) a first pier comprising a first pivot device; (2) a second pier comprising a drive mount, the drive mount capable of accommodating construction tolerances in at least three-axes; (3) a torque tube operably disposed on the first pier and the second pier, the torque tube comprising a first end and a second end; (4) a clamp configured around a portion of the torque tube, the clamp comprising a support region configured to support a portion of a solar module; (5) a clamp assembly comprising a housing coupled to the torque tube such that the torque tube is coupled to the housing, the housing comprising an opening having a major plane normal to a length of the torque tube, the opening comprising a first inner region and a second inner region, the first inner region acts as a first stop for movement of the torque tube when moved in a first radial direction, and the second inner region acts as a second stop for movement of the torque tube when moved in a second radial direction.

59. TechTrack solar trackers contain a first pier comprising a first pivot device.

From TechTrack Distributed solar tracker data sheet, attached as Exhibit 17



15

60.     TechTrack solar trackers contain a second pier comprising a drive mount, the drive mount capable of accommodating construction tolerances in at least three-axes.





FIG. 15

61.   TechTrack solar trackers contain a torque tube operably disposed on the first pier and the second pier, the torque tube comprising a first end and a second end.



From TechTrack Distributed solar tracker data sheet, attached as Exhibit 17

62.    TechTrack solar trackers contain a clamp configured around a portion of the torque tube, the clamp comprising a support region configured to support a portion of a solar module.



From TechTrack Distributed solar tracker data sheet, attached as Exhibit 17

63.    TechTrack solar trackers contain a clamp assembly comprising a housing coupled to the torque tube such that the torque tube is coupled to the housing, the housing comprising an opening having a major plane normal to a length of the torque tube, the opening comprising a first inner region and a second inner region, the first inner region acts as a first stop for movement of the torque tube when moved in a first radial direction, and the second inner region acts as a second stop for movement of the torque tube when moved in a second radial direction.



64.     On information and belief, SunLink contributes to others' infringement of the '686 Patent.

65.     As described in Paragraphs 20 and 24, SunLink sells some of its solar trackers as a collection of components.  When SunLink's customers assemble and use those trackers, the customers directly infringe on the '686 Patent.  *See* Paragraphs 55–63.

66.     On information and belief, the collection of components supplied by SunLink is especially made or adapted for use in an infringing manner and is not a common component suitable for non-infringing use.

67.     On information and belief, SunLink supplied the components for its solar trackers with knowledge that the components were especially made or adapted for use in an infringing manner.

68.     On information and belief, SunLink induces others to infringe the '686 Patent.

69.     As described in Paragraphs 21 through 26, SunLink induces others to install or use its solar trackers, including its TechTrack solar trackers, in a manner that infringes the '686 Patent.

70.     On information and belief, SunLink conduct described in Paragraphs 21 through 26 was intentional: SunLink acted with specific intent that its customers would install and/or use SunLink's solar trackers in a manner that would infringe the '686 Patent.

71.     Others' installation and/or use of SunLink's solar trackers constitutes direct infringement of the '686 Patent.  *See* Paragraphs 55–63.

72.     As described in Paragraph 30, SunLink knew of the '686 Patent.

73.     Based in part on SunLink's knowledge of the '686 Patent, on information and belief, SunLink knew, or willfully blinded itself to the fact, that others' installation or use its solar trackers would infringe the '686 Patent.

74.     NEXTracker has suffered and continues to suffer harm as a result of SunLink's direct, contributory and inducement infringement.

75.     As described in Paragraphs 55 through 73, SunLink directly or indirectly infringed at least one claim of the '686 Patent.

76.     As described in Paragraph 30, SunLink knew of the '686 Patent when it infringed at least one claim of the '686 Patent.

77.     Based in part on SunLink's knowing infringement, on information and belief, SunLink intentionally ignored or recklessly disregarded NEXTracker's patent rights: SunLink consciously disregarded the objectively high likelihood that its acts constitute infringement of the '686 Patent.

78.     Therefore, SunLink's infringement of the '686 Patent has been and continues to be willful, entitling NEXTracker to enhanced damages under 35 U.S.C. § 284 (2012) and attorneys' fees under 35 U.S.C. § 285 (2012).

79.     NEXTracker has no adequate remedy at law for SunLink's infringement.  As a direct and proximate result of SunLink's infringement, NEXTracker has suffered and continues to suffer irreparable harm.  Unless this Court enjoins SunLink's acts, NEXTracker will continue to suffer irreparable harm.

80.     NEXTracker is entitled to injunctive relief in accordance with 35 U.S.C. §§ 271, 281, 283, and 284 (2012).


**PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

a)     For a judgment in favor of NEXTracker that SunLink had infringed, induced others to infringe, and/or contributorily infringed the Patents-in-Suit;

b)     For an award of damages sufficient to compensate NEXTracker for SunLink's infringement, in an amount to be determined at trial;

c)     For a judgment in favor of NEXTracker permanently enjoining SunLink, their directors, officers, agents, servants and employees, and those acting in privity with them, and

21

their parents, subsidiaries, divisions, branches, affiliates, successors and assigns, from further acts of infringement, induced infringement, or contributory infringement of the Patents-in-Suit;

      d)      For a judgment that SunLink's direct and indirect infringement has been willful;

      e)      For an award of increased damages in an amount not less than three times the damages assed for SunLink's infringement of the Patents-in-Suit, in accordance with 35 U.S.C. § 284 (2012);

      f)      For a judgment in favor of NEXTracker that this case is "exceptional" under 35 U.S.C. § 285 (2012), and an award to NEXTracker of its reasonable attorneys' fees incurred in this action;

      g)      For an award of pre and post-judgment interest, and the taxation of all allowable costs against SunLink;

      h)      That SunLink be ordered to provide an accounting for the damages resulting from the infringement of the Patents-in-Suit, together with interests and costs, and all other damages permitted by 35 U.S.C. § 284 (2012), including an accounting for infringing acts not presented at trial and an award by the court of additional damages for any such infringing acts; and

      i)      For any other and further relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NEXTracker demands a

trial by jury on all issues on which a jury trial is available under applicable law.


Dated:  November 28, 2018                    FISH & RICHARDSON P.C.

By: */s/ Gregory R. Booker*
    Gregory R. Booker (#4784)
    222 Delaware Avenue, 17th Floor
    Wilmington, DE 19801
    Telephone: (302) 652-5070
    Facsimile: (302) 652-0607
    booker@fr.com

    Frank E. Scherkenbach (CA SBN 142549)
    FISH & RICHARDSON P.C.
    One Marina Park Drive
    Boston, MA 02210
    Telephone: (617) 542-5070
    Facsimile: (617) 542-8906
    scherkenbach@fr.com

    Betty H. Chen
    Howard G. Pollack (*pro hac vice pending*)
    FISH & RICHARDSON P.C.
    500 Arguello Street, Suite 500
    Redwood City, CA 94063
    Telephone: (650) 839-5070
    Facsimile: (650) 839-5071
    bchen@fr.com
    pollack@fr.com

    *Attorneys for Plaintiff*
    *NEXTRACKER, INC.*